UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELDON K. MCDAVID, JR.,<br><br>Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>Respondents. | Case No.:  22cv751-GPC(LR)<br><br>**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR APPOINTMENT OF EXPERT WITNESS**<br><br>**[ECF NO. 32]** |

Pending before the Court is Petitioner's Motion for Appointment of Expert Witness [ECF No. 32].  Petitioner states that a retired FBI Agent, Benedict Tisa, has "knowledge of external ballistics and projectile trajectories" and "would be invaluable to the court in determining the facts of this case."  (Id.)  Petitioner moves the Court to appoint Mr. Tisa as a firearms expert witness to testify at Petitioner's evidentiary hearing.  (Id.)

A district court has discretion to appoint an expert witness either by a party's motion or by its own motion.  Fed. R. Evid. 706(a).  However, "[Federal Rule of Civil Procedure] 706 is not a means to avoid the *in forma pauperis* statute [28 U.S.C. § 1915] and its prohibition against using public funds to pay for the expenses of witnesses[.]"  Matheis v. Godinez, Case No.: 3:20-cv-2100-GPC-AHG, 2022 WL 782384, at *3 (S.D.

1

Cal. Mar. 14, 2022) (citing 28 U.S.C. § 1915).  Further, the Criminal Justice Act provides for representation of indigent defendants, and authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner when "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).  "Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application." Id. at § 3006A(e)(1); see also Edwards v. Miller, Civil No. 14-0429 JAH (KSC), 2015 WL 10963718, at *26 (S.D. Cal. Apr. 1, 2015) (internal quotation marks and citations omitted) ("The plain language of the statute necessarily contemplates that counsel is the person who may request funding for . . . services, and that, in turn, suggests that counsel must first have been appointed under § 3006A before the court will consider authorizing funding for investigative services.").

The Court notes that on May 24, 2022, Petitioner, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  On September 1, 2022, Respondent filed an Answer, and on December 6, 2022, Petitioner filed a Traverse.  (ECF Nos. 18 & 30.)  The Court has not yet determined whether an evidentiary hearing is warranted.  (See Docket.)

The Court finds that the appointment of a ballistics expert at this stage of the proceedings is premature because the Court has not yet determined whether an evidentiary hearing is warranted in this case.  The Court therefore **DENIES without prejudice** Petitioner's Motion for Appointment of Expert Witness [ECF No. 32].

**IT IS SO ORDERED.**

Dated:  August 16, 2023

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge